UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAYPOLITAN OU,
a corporation organized
under the laws of Estonia,

        Plaintiff,

v.                                 Case No. 1:21-cv-5397-RA

ELOISA MARCHESONI
and GIACOMO ARCARO,

        Defendants.

---

## MOTION TO ACCEPT PROOF OF SERVICE AS FILED

The Plaintiff, PAYPOLITAN OU, through the undersigned counsel, moves for entry of an order accepting the Affidavits of Service of the Defendants, ELOISA MARCHESONI and GIACOMO ARCARO, as filed, curing any procedural irregularity in service of process, and in support of this Motion states as follows:

1. On June 22, 2021, Paypolitan filed the operative Complaint in this action against the Defendants. Doc. 8.

2. On July 13, 2021, Paypolitan effected service of process pursuant to New York Civil Practice Law & Rules § 308(2) on the Defendants at their place of abode. *See* Affidavit of Service of Eloisa Marchesoni (Doc. 18) ("Marchesoni Service Aff."), attached hereto as Exhibit A; Affidavit of Service of Giacomo Arcaro (Doc. 19), ("Arcaro Service Aff."), attached hereto as Exhibit B. Specifically, after being refused access to the Defendants' apartment, Paypolitan's process server served process on the apartment building's concierge and, on July 14, 2021, the process server mailed copies of the process to the Defendants at their residence, in accordance with

New York law. *See* Marchesoni Service Aff.; Arcaro Service Aff.; *see also Bank of Am., N.A. v. Grufferman*, 985 N.Y.S.2d 532, 533 (1st Dept. 2014).

3. Pursuant to New York CPLR § 308(2), proof of service is to be filed with the clerk of court within 20 days after the later of the delivery or mailing of process. Because copies of the process were mailed to the Defendants on July 14, 2021, proof of service should have been filed by August 3, 2021. However, due to a clerical error, the undersigned counsel filed the Affidavits of Service on August 5, 2021.

4. "A plaintiff's delay in filing proof of service is a mere procedural irregularity which may be corrected by order of the court permitting late filing of proof of service." *Pipinias v. J. Sackaris & Sons, Inc.*, 983 N.Y.S.2d 587, 590 (2d Dept. 2014); *see also Reem Contracting v. Altschul & Altschul*, 986 N.Y.S.2d 446, 448 (1st Dept. 2014) (observing that under New York law, failure to file the proof of service within the 20-day time period "is not a jurisdictional defect, but a 'mere irregularity,' … [meaning] service is deemed complete only 10 days after the late filing"); *Weininger v. Sassower*, 612 N.Y.S.2d 249, 250 (2d Dept. 1994) (same); *Paracha v. Cty. of Nassau*, 643 N.Y.S.2d 637, 638 (2d Dept. 1996) (holding court should grant leave to file proof of service after the 20-day filing period in § 308(2) absent prejudice to the defendant).

5. Here, the Affidavits of Service establish that the Defendants were properly served in accordance with New York law in that the concierge at the Defendants' residence was served when the Defendants refused to allow the process server to access the Defendants' apartment, and copies of the process were properly mailed the following day. The brief, two-day delay in filing the proof of service is, at most, a "mere irregularity" that in no way prejudices the Defendants. Indeed, accepting the Affidavits of Service as filed on August 5 would result in service is being

"complete" on August 15, meaning the Defendants' deadline to respond to the Complaint has not yet even begun to run.

WHEREFORE, Paypolitan respectfully requests that this Court (i) grant this Motion; (ii) accept the Affidavits of Service of Eloisa Marchesoni and Giacomo Arcaro (Docs. 18 and 19) as filed on August 5, 2021, curing any procedural irregularity in service under New York CPLR § 308(2); and (iii) award such other relief as the Court deems just.

Respectfully submitted on August 12, 2021.

        ROGERS TOWERS, P.A.

        By: /s/ Brian G. Kelley
        Steven D. Overly, Esq.*
        Florida Bar No. 369748
        960185 Gateway Boulevard, Suite 203
        Amelia Island, Florida 32034
        Telephone: 904-261-5618
        Facsimile: 904-396-3911

        Brian G. Kelley, Esq.*
        Florida Bar No. 106430
        1301 Riverplace Boulevard, Suite 1500
        Jacksonville, Florida 32207
        Telephone: 904-398-3911
        Facsimile: 904-396-0663

        Email addresses:   soverly@rtlaw.com
                                         bkelley@rtlaw.com

        *Admitted Pro Hac Vice

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 12, 2021, I served the foregoing document on the Defendants, Eloisa Marchesoni and Giacomo Arcaro, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) by mailing a copy to their last known address at 721 Fifth Avenue, Apartment 55B, New York, NY 10022.

               /s/ Brian G. Kelley
               Attorney