UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/10/2021
```

PAYPOLITAN OU, *a corporation organized under the laws of Estonia,*

                              Plaintiff,

            v.

ELOISA MARCHESONI and GIACOMO ARCARO,

                              Defendants.

No.  21-CV-5397 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On June 22, 2021, Plaintiff Paypolitan OU initiated this action against Defendants Eloisa Marchesoni and Giacomo Arcaro principally alleging breach of contract. Dkt. 8. On August 5, 2021, Plaintiff filed affidavits of service indicating that Defendants were both served—through their building's concierge—on July 13, 2021.  Dkts. 18-19.

Plaintiffs now move for an entry of an order accepting those affidavits of service and excusing their late filing.  Pursuant to New York Civil Practice Law and Rules § 308(2), personal service upon a natural person may be made by "delivering the summons within the state to a person of suitable age and discretion at the … dwelling place or usual abode of the person to be served." The service upon the concierge at Defendants' apartment building was therefore proper in this case, in light of the fact that Defendants refused access to the process server.  *See Bank of Am., N.A. v. Grufferman,* 985 N.Y.S.2d 532, 533 (N.Y. App. Div. 2014) ("Service upon the doorman of defendants' apartment building was proper under CPLR 308(2), given that the process server was denied access to defendants' apartment.").

Proof of such service "shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later."  New York

CPLR § 308(2).  Because copies of the process were mailed to the Defendants on July 14, 2021, proof of service should have been filed by August 3, 2021 rather than August 5, 2021. It is, however, well-established under New York law that "[a] plaintiff's delay in filing proof of service is a mere procedural irregularity which may be corrected by an order of the court permitting late filing of proof of service." *Pipinias v. J. Sackaris & Sons, Inc.*, 983 N.Y.S.2d 587, 590 (N.Y. App. Div. 2014) (collecting cases).  Here, the Court finds that the two-day delay in filing proof of service is such an irregularity that does not prejudice Defendants.  Plaintiff's motion to accept proof of service is therefore GRANTED.

Although Defendants' answers were due on August 3, 2021, they have not appeared in this action or responded to the complaint.  Defendants shall do so or seek an extension by October 1, 2021.  If they fail to do so, and Plaintiff intends to move for default judgment, it shall do so by October 8, 2021.  Plaintiff shall serve a copy of this Order on Defendants by September 15, 2021 and promptly file proof of such service on the docket.  The initial pre-trial conference, scheduled for September 17, 2021 is adjourned *sine die.*

The Clerk of Court is respectfully directed to terminate the item at docket number 21.


SO ORDERED.

Dated:      September 10, 2021
            New York, New York

                                        _____
                                        Ronnie Abrams
                                        United States District Judge

2